STATE OF NEBRASKA, APPELLEE, V. LOWEN D. LEMBURG, APPELLANT.

509 N.W.2d 247

Filed December 7, 1993.   No. A-93-175.

Harry A. Moore, Madison County Public Defender, for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

SIEVERS, Chief Judge, and HANNON and MILLER-LERMAN, Judges.

SIEVERS, Chief Judge.

After pleading no contest, Lowen D. Lemburg was found guilty of one count of sexual assault of a child, pursuant to Neb. Rev. Stat. § 28-320.01 (Reissue 1989), and two counts of contributing to the delinquency of a child, pursuant to Neb. Rev. Stat. § 28-709 (Reissue 1989). On April 30, 1992, Lemburg was sentenced to 5 years' imprisonment with the Department of Correctional Services for the sexual assault conviction and to 1

year's imprisonment for each of the contributing to the delinquency of a child convictions. The sentences are to be served consecutively. Lemburg was given credit for 323 days already served.

Lemburg was adjudged to be a mentally disordered sex offender, see Neb. Rev. Stat. §§ 29-2911 to 29-2921 (Reissue 1989), and was ordered to receive treatment at the Lincoln Regional Center as such treatment was available. In January 1993, Lemburg elected to be resentenced under the Convicted Sex Offender Act, Neb. Rev. Stat. §§ 29-2922 to 29-2936 (Cum. Supp. 1992). After a disposition hearing on January 28, 1993, the district court ordered Lemburg to serve the remainder of his original sentences in a facility operated by the Department of Correctional Services. Lemburg now appeals to this court, arguing that the district court erred by refusing to resentence him pursuant to the Convicted Sex Offender Act.

■ Statutory interpretation of the Convicted Sex Offender Act is a matter of law in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. See *Douglas Cty. Bank & Trust v. Stamper*, 244 Neb. 226, 505 N.W.2d 693 (1993).

■ Although this appeal involves resentencing pursuant to the Convicted Sex Offender Act, we do not believe this changes our standard of review with regard to the appeal of a criminal sentence. A sentence imposed within the statutory limits will not be disturbed upon appeal absent an abuse of discretion. *State v. Lowe*, 244 Neb. 173, 505 N.W.2d 662 (1993). In imposing a sentence, a sentencing judge should consider the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. *Id.*

■ In 1992, the Nebraska Legislature passed the Convicted Sex Offender Act and repealed the mentally disordered sex offender statutes. Effective July 15, 1992, the Convicted Sex Offender Act provides that persons convicted of certain types of sexual assault crimes shall be evaluated by the Department of

Public Institutions within 60 days of their commitment to the Department of Correctional Services to determine whether treatment for the offender is appropriate. § 29-2925. The act also provides that an aftercare treatment program may be an alternative to incarceration for qualified offenders upon the successful completion of an inpatient treatment program. § 29-2931. As a result, some qualified offenders can obtain an early release from confinement. Since the Convicted Sex Offender Act provides sentencing alternatives to persons previously convicted under the mentally disordered sex offender statutes, the act specifically authorizes certain persons to elect to be resentenced. The act provides that each person committed as a mentally disordered sex offender pursuant to §§ 29-2911 to 29-2921 as such sections existed prior to July 15, 1992, who is still receiving inpatient treatment or is awaiting inpatient treatment and who, as of July 15, 1992, has at least 1 year of his or her sentence left to serve is entitled to elect whether to be resentenced under the act. § 29-2934(1), (2), and (4). The act also provides:

(5) For each person identified in subsections (1) and (2) of this section who was committed as a mentally disordered sex offender by a court after having entered a plea of not guilty and for each person identified in subsection (4) of this section who elected to be resentenced under the act, subsections (6), (7), and (8) of this section shall apply.

(6) If the court finds that the offender is treatable in an inpatient treatment program operated by the Department of Public Institutions, the offender shall be returned to or placed in such a treatment program and sections 29-2929 to 29-2933 shall apply.

(7) If the court finds that the offender is not amenable to treatment, is uncooperative in treatment, or has reached the maximum benefit of treatment in an inpatient treatment program operated by the Department of Public Institutions but cannot be placed in an aftercare treatment program under conditions set by the court consistent with public safety, the offender shall be placed in a facility operated by the Department of Correctional Services to

serve the remainder of his or her original sentence.

(8) If the court finds that the offender has successfully completed an inpatient treatment program operated by the Department of Public Institutions and can be treated in an aftercare treatment program under conditions set by the court consistent with public safety, the court shall proceed in accordance with section 29-2931 and sections 29-2932 and 29-2933 shall apply.

§ 29-2934.

In the case at bar, Lemburg argues that since he elected to be resentenced pursuant to the provisions of the Convicted Sex Offender Act, the district court was required to resentence him. Lemburg asserts that since the district court ordered him to serve the remainder of his original sentences, the district court in effect refused to resentence him under the purview of the act. We infer that Lemburg objects to being sentenced to serve the remainder of his original sentences rather than being sentenced to a shorter term of incarceration.

At the disposition hearing, Lemburg testified that he wanted to serve his time at the Nebraska State Penitentiary rather than at the Lincoln Regional Center. Evidence adduced at the hearing included a report from the staff at the regional center which indicated that Lemburg was not a suitable candidate for the treatment program based on his history of acting out, poor motivation, defiant attitude, and antisocial tendencies. The district court, after reviewing the evidence, determined that pursuant to § 29-2934(7) of the act, Lemburg was not amenable to treatment, was uncooperative during treatment, and could not be placed in an aftercare treatment program under conditions set by the court consistent with public safety. The district court therefore ordered Lemburg to serve the remainder of his original sentences with the Department of Correctional Services.

Pursuant to § 29-2934, the trial court considered Lemburg's individual facts and circumstances and determined that Lemburg was not qualified for inpatient treatment and could not be placed in an aftercare treatment program. Accordingly, since the trial court considered Lemburg's particular circumstances and ultimately determined that he should serve

the remainder of his original sentences, we believe that the trial court resentenced Lemburg as envisioned by the act.

The fact that proceedings under the Convicted Sex Offender Act result in the same sentence as originally imposed does not mean that resentencing has not occurred. The act establishes a procedure, which was followed in this case; it does not guarantee a particular result. When the result on resentencing is not an abuse of discretion, this court will affirm. See *State v. Lowe*, 244 Neb. 173, 505 N.W.2d 662 (1993). In the case at bar, there is abundant evidence to support the district court's result on resentencing.

Lemburg argues that the procedure employed by the district court will deprive him of the benefit of the new and more expansive "good time" statute, Neb. Rev. Stat. § 83-1,107 (Cum. Supp. 1992). His argument is that prison officials will apply the old good time statute to his sentences, which could affect his date of release. Obviously, Lemburg speculates on what prison officials may or may not do, but no issue concerning good time is presented by the record in this case.

AFFIRMED.