LOUIS W. KRONCKE, ADMINISTRATOR, V. FRED A. L. MADSEN ET AL.

| 56 | 609 |
| 58 | 567 |

| 56 | 609 |
| 60 | 459 |
| 60 | 516 |

FILED NOVEMBER 17, 1898. No. 8454.

1. **Witnesses: TRANSACTIONS WITH PERSONS DECEASED.** Under section 329 of the Code of Civil Procedure evidence concerning transactions and conversations between a witness directly interested in the result of the suit and a person deceased is incompetent, as against the latter's representations, with certain specified exceptions. In case the evidence of the person deceased shall have been taken and read in evidence by his representatives in regard to any transaction or conversation, then such interested witness may be examined alone in regard to the facts testified to by such person deceased.

2. **Note: LIABILITY OF SURETY.** One who signs a note as surety is liable for the payment thereof precisely to the same extent as his principal.

3. ————: ————: **INSTRUCTIONS.** In an action against the sureties on a note it is error to instruct the jury that they are not liable thereon to the same extent as the principal, and that the contract of the sureties is to pay only when the liability of the principal is fixed and ascertained by a judgment at law against him, and execution issued thereon and his property exhausted.

4. ————: ————: **JUDGMENT.** Section 511 of the Code of Civil Procedure cannot be invoked in determining the liability of a surety to his obligee or payee, but merely requires that a judgment against a principal and surety shall state which is the principal debtor and which the surety, and provides, as between them, the mode of enforcing the same.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J. *Reversed.*

*E. Wakeley* and *A. C. Wakeley*, for plaintiff in error.

*Robertson & Wigton* and *B. T. White, contra.*

NORVAL, J.

On April 8, 1893, C. Madsen, Fred A. L. Madsen, and Ane M. Madsen executed and delivered to one Herman G. Kroncke their promissory note for the sum of $1,043.10 payable on demand. On July 9, 1893, C. Madsen died,

43

and subsequently this action was brought by the payee against the other two makers of the note. During the pendency of the suit plaintiff died, and the action was revived and proceeded in the name of Louis W. Kroncke, as administrator of the estate. C. Madsen signed the note after the names of the other makers had been attached, preceding his signature with the words "signed as surety," and then delivered the instrument to the payee. Ane M. Madsen, in her answer, alleges that at the time she signed the note she was the wife of C. Madsen and was possessed of certain real estate, and that she did not sign with reference to or upon the faith and credit of her separate property, or with the intent to bind the same. Her answer, as well as that of Fred A. L. Madsen, avers that C. Madsen received the entire consideration of the note, and that each defendant executed the said instrument "with the express agreement and understanding with all parties concerned that the said C. Madsen, whose name appears to said instrument as having signed the same as surety, should sign said note as principal and one of the makers thereof without limitation as to his liability; that this defendant was surety only upon said note for said C. Madsen; that when this defendant signed said note the said C. Madsen had not yet signed the same, but that it was agreed and understood that the said note should not be delivered to the plaintiff until the said C. Madsen should sign the same as one of the makers thereof; that, without the defendant's knowledge or consent, and contrary to said agreement, said note was signed by said C. Madsen with the words preceding his signature, 'signed as surety,' and that the said note was, without the knowledge and consent of the defendant and without authority, delivered to the plaintiff after having been so signed by said C. Madsen." These allegations were put in issue by the reply of plaintiff. A verdict was returned against the plaintiff, and he brought here for review the judgment entered thereon.

The trial court permitted the defendant Fred A. L. Madsen, over the objections of plaintiff, to testify to a conversation between him and the deceased, Herman G. Kroncke, with respect to the signing of the note in suit. This ruling is assigned as error, on the ground that plaintiff is the representative of a deceased person, and the witness was directly interested in the result of the litigation; and section 329 of the Code of Civil Procedure is invoked to sustain the contention. This section provides that "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness, unless the evidence of the deceased person shall have been taken and read in evidence by the adverse party in regard to such transaction or conversation, or unless such representative shall have introduced a witness who shall have testified in regard to such transaction or conversation, in which case the person having such direct legal interest may be examined in regard to the facts testified to by such deceased person or such witness, but shall not be permitted to further testify in regard to such transaction or conversation." This statute is plain and free from ambiguity. It excludes every person having a direct legal interest in the result of a civil cause, in which the adverse party is the representative of a person deceased, from testifying to any transaction or conversation between such witness and the person deceased, unless the case falls within one of the exceptions enumerated in said statute. (*Kroh v. Heins*, 48 Neb. 691.) One of the exceptions is if the evidence of the person deceased shall have been taken and read in evidence by the representative in regard to a particular transaction, then the person having such direct legal interest may be examined in regard to the matters testified to by such person deceased, but cannot further testify concerning such transaction or con-

versation. (*Parish v. McNeal*, 36 Neb. 727.) The ruling assailed is within the exceptions of the rule stated. The deposition of plaintiff's intestate was taken, and the administrator caused to be read in evidence the portion thereof relating to the giving of the note in suit, and the conversation the deceased had with the defendant Fred A. L. Madsen. It was entirely competent, therefore, to receive the evidence of the latter concerning the facts or matters covered by the portion of the deposition of the deceased which was read in evidence by his representative.

Complaint is made of the giving to the jury by the judge of the following instruction requested by the defendants: "1. You are instructed that the parties to a note, one or more of whom sign as surety, are not liable thereon to the same extent as the principal to the note. The contract of the sureties is to pay only when the liability of the pricipal is fixed and ascertained, and the property of the principal exhausted; and the sureties have a right to remain exempt from liability until the liability of the principal is fixed by a judgment at law against him as principal and execution issued thereon, and his property exhausted." This instruction was erroneous in more than one particular. It is not true, as this instruction asserts, that a surety on a note is not liable for its payment to the payee as fully and to the same extent as the principal maker. The liability of the surety for the debt to the holder of the obligation is no greater and no less than that of the principal. (*Wilson v. Campbell*, 1 Scam. [Ill.] 493; *Berg v. Radcliff*, 6 Johns. Ch. [N. Y.] 307.) Again, the contract of the surety is absolute, and his liability does not depend upon the fact that the property of the principal has been exhausted in an attempt to collect the debt from him, nor is the right to recover against the surety conditional upon the fact that judgment has been recovered against the principal and an execution has been issued thereon and his property exhausted. As soon as the principal has made de-

Kroncke v. Madsen.

fault, a recovery can be had against the surety without exhausting the remedies as against the principal. "Suretyship is an undertaking to answer for the debt, defaults, or miscarriage of another, by which the surety becomes bound as the principal or original debtor is bound. It is a primary obligation, and the creditor is not required to proceed first against the principal before he can recover from the surety. The surety and principal may be joined as defendants in one suit, or the surety may be sued alone, without any effort having been made to recover the debt from the principal." (24 Am. & Eng. Ency. Law 716.) As sustaining the same doctrine see *Garey v. Hignutt*, 32 Md. 553; *Wendlandt v. Sohre*, 37 Minn. 162; *Wilson v. Campbell*, 1 Scam. [Ill.] 493; *People v. Butler*, 74 Mich. 643, and cases cited in brief of plaintiff in error.* Under the instructions the jury were as much bound to return a verdict for the defendants as if they had been peremptorily instructed so to do, for no judgment had ever been entered against the principal maker of the note, and it was not shown that his property had been exhausted. The trial judge, when he gave the instruction, probably had in mind either the rule applicable to guarantors of the collection of commercial paper, or section 511 of the Code of Civil Procedure, which declares: "In all cases where judgment is rendered in any court of record within this state, upon any other instrument of writing, in which two or more persons are jointly or severally bound, and it shall be made to appear to the court, by parol or other testimony, that one or more of said persons so bound signed the same as surety or bail for his or their co-defendant, it shall be the duty of the clerk of the said court, in recording the judgment thereon, to certify which of the defendants is the principal debtor, and which are sureties or bail. And the clerk of the court aforesaid shall issue execution on such

*United States v. Cushman*, 2 Sum. [U. S.] 436; *Geddes v. Hawk*, 1 Watts [Pa.] 280; *Abercrombie v. Knox*, 3 Ala. 728; *Keaton v. Cox*, 26 Ga. 162; *Reigart v. White*, 52 Pa. St. 440; *East India Co. v Boddim*, 9 Ves. Jr. [Eng.] 464; *Kearnes v. Montgomery*, 4 W. Va. 29.

judgment, commanding the sheriff or other officer to cause the money to be made of the goods and chattels, lands and tenements, of the principal debtor, but for want of sufficient property of the principal debtor to make the same, that he cause the same to be made of the goods and chattels, lands and tenements, of the surety or bail. In all cases the property, both personal and real, of the principal debtor, within the jurisdiction of the court, shall be exhausted before any of the property of the surety or bail shall be taken in execution." The foregoing provisions are not applicable here. They require in an action upon a written instrument against the principal and sureties that a judgment for plaintiff shall state which defendant is principal debtor and which the surety, and that the execution issued on such judgment shall command the officer to cause the money to be first made from the property of the principal debtor and that his property shall be exhausted before the property of the surety shall be seized in execution. That section has nothing to do with determining the liability of a surety, but merely provides how the judgment shall be entered, and as between the principal and surety, the mode of collecting the same. That section is without force where the principal debtor is not sued with the surety, as was the case at bar.

The third and second requests of the defendants, which were given to the jury, were also erroneous, both because they assumed the existence of evidence tending to prove a certain fact, when no evidence of that character was given; and the third request was faulty, in that it submitted to the jury for them to find whether the note in suit had been changed after it had been executed by the sureties, while no issue of that kind was presented by the pleading and evidence. For the reasons stated the judgment is reversed and the cause remanded.