DOUGLAS COUNTY BANK & TRUST CO., APPELLEE, V. BRIAN B. STAMPER AND VICTORIA A. STAMPER, APPELLANTS.

505 N.W.2d 693

Filed September 24, 1993.    No. S-91-680.

Thomas A. Grennan and Michael C. Schilken, of Gross & Welch, P.C., for appellants.

Eric W. Kruger and Gary F. Smolen, of Rickerson, Welch & Kruger, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

LANPHIER, J.

Plaintiff-appellee, Douglas County Bank & Trust Co., initiated this action for a deficiency judgment. At issue is the balance owed under a note secured by a deed of trust executed by defendants-appellants, Brian B. Stamper and Victoria A. Stamper. Pursuant to Neb. Rev. Stat. § 76-1013 (Reissue 1990), the court determined the amount of the deficiency by determining the fair market value of the property and then subtracting the value of unpaid real estate taxes which were a lien on the property. This appeal followed.

The issue presented is whether the bank was entitled to reimbursement, through deficiency proceedings, of a tax lien it satisfied after purchasing the mortgaged property. The facts have been stipulated and are summarized as follows: On May 4, 1987, the Stampers executed a promissory note in the amount of $145,000 in favor of the bank. The note was secured by a deed of trust on real property owned by the Stampers. After the Stampers defaulted on the note, the trustee, pursuant to the Nebraska Trust Deeds Act, Neb. Rev. Stat. §§ 76-1001 through 76-1018 (Reissue 1990), sold the property to the bank as the highest bidder. The bank bought the property for $124,141.

On the date of the sale of the property, its fair market value was appraised at $148,000. At the time of the sale, there was a lien on the property for real estate taxes in the amount of $12,801.38. After the sale, the bank paid these outstanding

taxes.

The bank initiated deficiency proceedings to recover the remainder of the debt under § 76-1013, which requires the court to determine the fair market value of the property sold in order to determine the amount of deficiency.

The Stampers asserted that the proper method of computation would be to reduce the total indebtedness, including the costs of the sale, which indebtedness amounted to $155,635.48, by the appraised fair market value of the property, or $148,000, resulting in a total of $7,635.48. The trial court found that the fair market value of the property was $148,000 and deducted $12,801.38, the sum the bank had paid for the outstanding real estate taxes. In doing so, the court determined that under § 76-1013, the lien for real estate taxes must be deducted from the determined fair market value to calculate the value of the interest sold for deficiency judgment purposes.

The Stampers' assignments of error combine to assert that the district court erred (1) in interpreting § 76-1013 to require a deduction for a real estate tax lien from the fair market value of the property to reach the value of the property sold for deficiency judgment purposes and (2) in finding that property taxes paid by the titleholder after a trustee's sale can be assessed against the borrower.

## STANDARD OF REVIEW

In a case in which the facts are stipulated, this court reviews the case as if trying it originally in order to determine whether the facts warranted the judgment. *Dobias v. Service Life Ins. Co.*, 238 Neb. 87, 469 N.W.2d 143 (1991).

Statutory interpretation is a matter of law in connection with which this court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *In re Application of City of Lincoln*, 243 Neb. 458, 500 N.W.2d 183 (1993); *Universal Assurors Life Ins. Co. v. Hohnstein*, 243 Neb. 359, 500 N.W.2d 811 (1993). When statutory language is plain and unambiguous, no judicial interpretation is needed to ascertain the statute's meaning, so that, in the absence of a statutory indication to the contrary, words in a statute will be given their ordinary meaning. *Sports*

*Courts of Omaha v. Meginnis*, 242 Neb. 768, 497 N.W.2d 38 (1993).

## FAIR MARKET VALUE

The Nebraska Trust Deeds Act controls the use of a deed of trust in this state. Section 76-1013 provides the method by which an action may be commenced to recover the balance of the debt. Section 76-1013 states in relevant part:

> [I]n such action the complaint shall set forth the entire amount of the indebtedness which was secured by such trust deed and the amount for which such property was sold and the fair market value thereof at the date of sale, together with interest on such indebtedness from the date of sale, the costs and expenses of exercising the power of sale and of the sale. *Before rendering judgment, the court shall find the fair market value at the date of sale of the property sold.* The court shall not render judgment for more than the amount by which the amount of the indebtedness with interest and the costs and expenses of sale, including trustee's fees, exceeds the fair market value of the property or interest therein sold as of the date of the sale . . . .

(Emphasis supplied.)

The trial court properly deducted the value of the tax lien to determine the amount of deficiency. "Fair market value" is generally defined as the price which a purchaser, willing but not obliged to buy, would pay an owner, willing but not obliged to sell, taking into consideration all uses to which the property is adapted and might, in reason, be applied. *Unruh v. Streight*, 96 Nev. 684, 615 P.2d 247 (1980). In determining fair market value, the trial court may consider any competent evidence of matters which would be considered by a prospective vendor or purchaser or which tend to enhance or diminish the value of property. *Federal Land Bank of St. Paul v. Bergquist*, 425 N.W.2d 360 (N.D. 1988); *American Fed. Sav. & Loan Ass'n, etc. v. Kass*, 320 N.W.2d 800 (S.D. 1982) (court can consider all relevant evidence in determining value of property).

Thus, it was appropriate for the trial court to consider a tax lien in determining the fair market value of the property. At the

time of the sale, the lien had not been discharged. Any prospective purchaser would consider it in making its bid for the property. The fair market value of the property encompassed the reduced value of the property, given the tax lien.

The Stampers argue that the trial court erred because it first made a determination of fair market value and then reduced the value by the amount of the tax lien. This court has held that where the record demonstrates that the decision of the trial court is correct, although such correctness is based on a different ground from that assigned by the trial court, the appellate court will affirm. *Ev. Luth. Soc. v. Buffalo Cty. Bd. of Equal.*, 243 Neb. 351, 500 N.W.2d 520 (1993); *Staman v. Yeager & Yeager*, 238 Neb. 133, 469 N.W.2d 532 (1991). Although the trial court did not characterize the reduction as a determination of fair market value, the correct determination of the debt owed resulted, and therefore, we affirm the decision.

Since we have determined that the tax lien was correctly incorporated into the fair market value determination, it is unnecessary to consider the Stampers' remaining assignment of error.

## CONCLUSION

The trial court was correct, under § 76-1013, in considering real estate taxes unpaid at the time of the sale in computing the deficiency judgment owed by the Stampers.

AFFIRMED.

CAPORALE, J., not participating.