STATE OF NEBRASKA, APPELLEE, V. LOGAN J. BUNDY, APPELLANT.

549 N.W.2d 122

Filed June 7, 1996. No. S-94-660.

James C. Stecker, of Robak & Stecker, for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

WHITE, C.J., FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.

Logan J. Bundy was convicted of eight felony offenses. The district court for Platte County ordered that personal property seized from Bundy's residence during the investigation be sold and that the proceeds be applied to the costs of the action. Bundy sought to use his statutory civil exemptions to have this property returned to him, but the district court held that the exemptions were inapplicable. Bundy appeals. We reverse the judgment and remand the cause with directions.

## SCOPE OF REVIEW

Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court has an obligation to reach a conclusion independent of that of the inferior court. *Roberts v. Weber & Sons, Co.*, 248 Neb. 243, 533 N.W.2d 664 (1995).

## FACTS

Bundy was convicted of two counts of first degree sexual assault, two counts of use of a deadly weapon to commit a felony, two counts of burglary, and two counts of false imprisonment. Bundy was sentenced by the court to the Nebraska Department of Correctional Services adult correctional facility as follows: count I, 16 years 8 months to 50 years; count II, 6 years 8 months to 20 years, consecutive to the sentence served on count I; count III, 2 to 5 years, consecutive to the sentences served on counts I and II; count IV, 20 months to 5 years, concurrent with the sentence served on count I; count V, 16 years 8 months to 50 years, consecutive to the sentences

served on counts I, II, III, and IV; count VI, 6 years 8 months to 20 years, consecutive to the sentence served on count V; count VII, 2 to 5 years, consecutive to the sentences served on counts V and VI; and count VIII, 20 months to 5 years, concurrent with the sentence served on count V.

During the investigation of the crimes, a search was conducted of Bundy's residence, and personal property was confiscated. Items obtained during the search included Bundy's computer system and $417 in cash. These items were later found to be unrelated to the charges against Bundy.

Following trial, the State filed a motion for the release and disposition of evidence. Bundy moved that the computer system and cash be returned to him, arguing that he was entitled to this property because he qualifies for the statutory personal exemption granted to criminal defendants who are sentenced to the Department of Correctional Services adult correctional facility for more than 2 years.

At a hearing, the court received Bundy's claim of exemption in lieu of homestead. The court denied Bundy's motion and held that the statutory exemptions did not apply. The court ordered the sheriff to sell the computer system to the highest bidder at auction. The proceeds from the sale, as well as the $417 in cash, were to be applied to the costs of the proceeding. Bundy appeals.

## ASSIGNMENT OF ERROR
Bundy asserts that the district court erred in failing to correctly apply Neb. Rev. Stat. § 29-2407 (Reissue 1995).

## ANALYSIS
Bundy argues that since he was sentenced to more than 2 years in prison, he is entitled to the statutory exemptions allowed under § 29-2407. This section provides that judgments for fines and costs in criminal cases shall be a lien upon the property of the defendant within the county, except in such cases where the convict is sentenced to a Department of Correctional Services adult correctional facility for a period of more than 2 years. Pursuant to § 29-2407, Bundy is entitled to the same exemptions that are provided by law for civil cases.

Neb. Rev. Stat. § 25-1556 (Reissue 1995) allows an exemption of $1,500 for the immediate personal possessions of the debtor. Neb. Rev. Stat. § 25-1552 (Reissue 1995) provides a further exemption of $2,500 in personal property to persons without a homestead.

Bundy's claim of exemption in lieu of homestead listed the computer system valued at $400 and $417 in cash, for a total property exemption of $817. It is undisputed that these items were unrelated to the crimes for which Bundy was convicted, and Bundy's request is within the statutory limit. Therefore, the district court erred.

The judgment of the district court is reversed, and the cause is remanded with directions that the $417 in cash and the computer system, or the money collected from the sale of the computer system, be returned to Bundy.

REVERSED AND REMANDED WITH DIRECTIONS.

CAPORALE, J., participating on briefs.