IN RE INTEREST OF REX JAYCOX, A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, DEPARTMENT OF SOCIAL SERVICES, APPELLANT, V. REX JAYCOX, APPELLEE.
551 N.W.2d 9

Filed July 26, 1996.   No. S-94-531.

Don Stenberg, Attorney General; Royce N. Harper; Lisa Swinton, Special Assistant Attorney General; and Beth Tallon, Special Assistant Attorney General, for appellant.

Joseph H. Murray, of Germer, Murray & Johnson, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

FAHRNBRUCH, J.

The State of Nebraska, Department of Social Services (DSS), appeals a court order directing it to account to a minor child in its custody for $1,000 of the Social Security benefits he received as a result of the death of one of his parents.

We affirm the determinations by the Thayer County Court and the district court for Thayer County, which both held that under Neb. Rev. Stat. § 43-907 (Reissue 1993) the minor, Rex Jaycox, is entitled to $1,000 of the Social Security benefits DSS received on the minor's behalf. Except for the $1,000, DSS is entitled to retain the balance of Social Security funds it received on Jaycox's behalf as partial reimbursement for the cost to the State of Jaycox's care.

DSS originally filed this appeal in the Nebraska Court of Appeals. We removed the case from that court's docket to our

docket pursuant to our power to regulate the caseloads of the lower courts.

## ASSIGNMENT OF ERROR

Restated and summarized, DSS claims the district court erred in affirming the county court's determination that Jaycox is entitled to $1,000 of the Social Security benefits received on his behalf and that only the sum of the benefits exceeding $1,000 may be used by DSS as partial reimbursement for Jaycox's care.

## STANDARD OF REVIEW

As a matter controlled by statute, this case presents a question of law. With respect to a question of law, an appellate court is obligated to reach an independent conclusion irrespective of the determination made by the court below. *In re Interest of Rondell B.*, 249 Neb. 928, 546 N.W.2d 801 (1996).

## FACTS

In January 1992, Jaycox, at age 15, was placed in the custody of DSS after an accident in which one of his parents was killed and the other parent received injuries which left that parent a quadriplegic. On May 25, 1993, Jaycox's guardian ad litem filed a motion in the Thayer County Court for an order requiring DSS to comply with § 43-907. Section 43-907 provides that assets over and above a maximum of $1,000 and current income shall be available for reimbursement to the State for the cost of the care of a child who is in the custody of the State. Section 43-907 further requires DSS to maintain detailed records showing all receipts, investments, and expenditures of assets owned by children under its charge. Jaycox's guardian ad litem alleged that Jaycox is entitled to and receives a monthly check from the Social Security Administration which is paid directly to DSS. DSS retains in its entirety each monthly Social Security check and has allowed Jaycox to have none of his Social Security benefits.

It is undisputed that DSS receives $503 in monthly Social Security benefits on Jaycox's behalf. DSS uses Jaycox's Social Security benefits, in their entirety, as partial reimbursement for the cost of Jaycox's care.

The record reflects that on March 26, 1992, DSS placed Jaycox with the Christian Heritage Children's Home (Home) in Hickman, Nebraska. At the time of trial, DSS was paying the Home $2,200 per month to care for Jaycox. Offered and received in evidence is the Home's clothing record for Jaycox from his placement on March 26, 1992, up to August 16, 1993. The record reflects that the Home spends an average of $15.15 per month on clothes for Jaycox. The clothing inventory for Jaycox on the date of his placement at the Home reflects that Jaycox had one pair of cowboy boots and one pair of tennis shoes. The record reflects that as of August 16, the Home had not purchased a pair of shoes for Jaycox. The clothing inventory also reflects that Jaycox entered the Home with one T-shirt. As of August 16, the Home had purchased for Jaycox only one additional T-shirt.

The Thayer County Court found that pursuant to § 43-907, Jaycox was entitled to have assets in the maximum amount of $1,000 and that assets and current income over $1,000 are available for reimbursement to the State for the cost of Jaycox's care. The court further found that the Social Security payments received by the State on behalf of Jaycox are assets of Jaycox up to a total of $1,000 and any amount over that sum can be utilized by the State as reimbursement for his care. The county court ordered DSS to retain Jaycox's Social Security benefits up to a total of $1,000 and deposit that sum for Jaycox pursuant to § 43-907. On appeal, the district court affirmed the county court's judgment.

## ANALYSIS

DSS contends that it is entitled to use the entire amount of Jaycox's Social Security benefits because § 43-907 does not require that a ward of the State retain current income up to $1,000. DSS further contends that Jaycox's Social Security benefits constitute current income and that no part thereof is available to Jaycox.

In its entirety, § 43-907 provides as follows:

Unless a guardian shall have been appointed by a court of competent jurisdiction, the Director of Social Services shall take custody of and exercise general control over

assets owned by children under his or her charge. Children owning assets shall at all times pay for personal items. *Assets over and above a maximum of one thousand dollars and current income shall be available for reimbursement to the state for the cost of care. Assets may be deposited in a checking account, invested in United States bonds, or deposited in a savings account insured by the United States Government. All income received from the investment or deposit of assets shall be credited to the individual child whose assets were invested or deposited. The Director of Social Services shall make and maintain detailed records showing all receipts, investments, and expenditures of assets owned by children under his or her charge.*

(Emphasis supplied.)

In construing a statute, a court must look to the statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it. *Solar Motors v. First Nat. Bank of Chadron,* 249 Neb. 758, 545 N.W.2d 714 (1996). In discerning the meaning of a statute, an appellate court determines and gives effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *In re Interest of Todd T.,* 249 Neb. 738, 545 N.W.2d 711 (1996). In construing a statute, it is presumed that the Legislature intended a sensible, rather than an absurd, result. *Weimer v. Amen,* 235 Neb. 287, 455 N.W.2d 145 (1990).

The plain meaning of § 43-907 is that children in DSS' custody have the right to their personal assets and income up to $1,000 in value. The State, according to the plain meaning of § 43-907, may apply the child's assets and income in excess of $1,000 to the cost of that child's care. It is clear that § 43-907 serves to allow a child in DSS' custody to have claim to $1,000 of his or her money so that the child can use it as he or she desires and also to allow a child an opportunity to leave DSS' custody without being impoverished. The $1,000 ceiling appears to be necessary. Without such a ceiling, the

State would not receive federal funding for the child's care. See 45 C.F.R. § 233.20 (1995).

In this litigation, DSS seeks an interpretation of § 43-907 that distinguishes assets from income so that only assets up to $1,000 can be retained for the child. As stated earlier, we will not construe a statute to reach an absurd result. To suggest that the State can take the child's income away when the total of that income is less than $1,000 clearly and directly defeats the purpose of the statute, which is to allow a child in the custody of DSS to keep up to $1,000 of his or her own money. We hold that § 43-907 requires that assets and income over and above $1,000 shall be available for reimbursement to the State for cost of the care of a minor child in DSS' custody.

It is irrelevant whether Social Security benefits are assets or income. The monthly Social Security benefit of $503 is paid to DSS on Jaycox's behalf. While Jaycox is in the custody of DSS, the State shall handle Jaycox's monthly Social Security benefits pursuant to § 43-907, as interpreted in this opinion.

## CONCLUSION

We affirm the order of the district court affirming the county court's finding that Jaycox is entitled to up to a total of $1,000 of his Social Security benefits. Jaycox's Social Security benefits above $1,000 shall remain available for reimbursement to the State for the cost of his care. Jaycox is entitled to an accounting of the $1,000 DSS failed to keep for him, together with interest thereon.

AFFIRMED.