PSB Credit Services, Inc., a Minnesota corporation,
Appellant, v. Barry Rich and Carol Rich, his wife,
et al., Appellees.

558 N.W.2d 295

Filed January 10, 1997.    No. S-95-1130.

Michael G. Lessmann and Bruce R. Gerhardt, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellant.

Donald E. Girard, of Girard and Stack, P.C., for appellees Rich, Libby Franzen, and Craig Franzen.

White, C.J., Wright, Connolly, and Gerrard, JJ., and Likes, D.J.

WHITE, C.J.

On May 25, 1984, Helen M. Elander executed and delivered to American Security Bank of North Platte, Nebraska (American Security), a promissory note in the amount of $250,000. Concurrent with the execution of the note, and to secure the payment of the indebtedness, Elander executed and delivered to American Security a deed of trust on property she owned in Lincoln County, Nebraska. The deed of trust was filed on May 29, 1984, in the office of the register of deeds. On May 30, 1985, Elander and others executed a renewal promissory note in the amount of $260,000, which was payable in 176 days or upon demand.

The last payment on the note was made on April 27, 1987. Thereafter, Elander and the other debtors failed to pay the unpaid principal balance and accrued interest due. A notice of default under trust deed was filed by the trustee and recorded in the office of the register of deeds on April 27, 1994.

In October 1987, the Federal Deposit Insurance Corporation (FDIC) took possession and title to all of the assets and property of American Security. In June 1994, the FDIC sold, endorsed, assigned, and delivered to PSB Credit Services, Inc. (PSB), the deed of trust and the indebtedness secured thereby.

On March 13, 1995, PSB filed a petition of foreclosure and application for appointment of receiver against the heirs at law of Elander, who had died intestate in September 1990, and those other persons who had an interest in the real property which was subject to the deed of trust (appellees). PSB elected to foreclose the trust deed in the manner provided by law for the foreclosure of mortgages. In compliance with an order partially sustaining a motion to strike or make more definite and certain submitted by appellees, PSB filed an amendment to the petition on May 22, 1995. Appellees subsequently filed a demurrer to the petition and amendment on June 1, alleging that the action was barred by the statute of limitations.

The district court entered an order on September 14, 1995, sustaining appellees' demurrer. In sustaining the demurrer, the court concluded that the 5-year statute of limitations referred to in Neb. Rev. Stat. § 76-1015 (Reissue 1990) of the Nebraska Trust Deeds Act applied and that, therefore, PSB was barred

from bringing its action. The court dismissed PSB's petition on September 26. PSB timely appealed, arguing that the court incorrectly sustained appellees' demurrer and failed to properly apply the 10-year statute of limitations set out in Neb. Rev. Stat. § 25-202 (Reissue 1995).

The Court of Appeals reversed the lower court's dismissal of the petition. In support of its conclusion, the Court of Appeals determined that § 76-1015 applies only when a trustee sells property under a trust deed. Because this case involved a more formal judicial foreclosure, the Court of Appeals held that the 10-year statute of limitations set out in § 25-202 was applicable. Appellees filed a petition for further review on August 19, 1996.

Appellees' assignments of error attributed to the Court of Appeals can be summarized as follows: The court erred when it found that the time for commencement of an action to foreclose on real property under a deed of trust is governed by the 10-year statute of limitations under § 25-202. Such an issue is one of first impression before this court.

When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *Baltensperger v. Wellensiek*, 250 Neb. 938, 554 N.W.2d 137 (1996). The determination of which statute of limitations applies is a question of law, and an appellate court must decide the issue independently of the conclusion reached by the trial court. See *Whitten v. Whitten*, 250 Neb. 210, 548 N.W.2d 338 (1996).

Two alternative methods of foreclosing a trust deed are available to the beneficiary of that deed. The first method allows the trustee to exercise the power of sale provided for in the trust deed, and the second method allows the beneficiary to foreclose in the same manner as provided by law for the foreclosure of mortgages. Neb. Rev. Stat. § 76-1005 (Cum. Supp. 1994). Should the beneficiary choose to pursue the second option, the court, and not the trustee, possesses the power to decree a sale of the mortgaged premises. Neb. Rev. Stat. § 25-2138 (Reissue 1995).

PSB, as the assignee of the successor to the beneficiary's interest under the trust deed, elected to foreclose in the manner provided by law for the foreclosure of mortgages. Pursuant to such law, PSB was required to bring its action within 10 years of the date the debt secured by the mortgage matured unless, of course, the statute of limitations had been tolled. § 25-202. The renewal note matured in this case on November 22, 1985. However, a payment was made on April 27, 1987. Such a payment tolled the 10-year statute of limitations. See *Vanice v. Oehm*, 247 Neb. 298, 526 N.W.2d 648 (1995). Thus, the foreclosure action had to have been filed by April 27, 1997. PSB, which filed its action on March 13, 1995, filed well within the statute of limitations as required under applicable foreclosure law. Therefore, PSB's action was improperly dismissed, and appellees' demurrer was improperly granted.

Appellees contend that the statute of limitations as set out in § 76-1015 applies in this case. We disagree.

As we have repeatedly held, statutory language is to be given its plain and ordinary meaning in the absence of anything indicating to the contrary. See, *Village of Winside v. Jackson*, 250 Neb. 851, 553 N.W.2d 476 (1996); *In re Interest of Jaycox*, 250 Neb. 697, 551 N.W.2d 9 (1996). It is clear from a plain reading of the statute that it only pertains to a situation where the trustee exercises a power of sale upon default. Since the instant case involves a judicial foreclosure, as opposed to a trustee foreclosure, § 76-1015 is inapplicable.

AFFIRMED.

CAPORALE, J., not participating.