THE CITY OF ELKHORN, NEBRASKA, A MUNICIPAL CORPORATION, AND PHILLIP E. KLEIN, MAYOR OF THE CITY OF ELKHORN, NEBRASKA, APPELLANTS, AND MELISSA A. ROSACKER, AN INDIVIDUAL, AND COURTNEY CAMPBELL, AN INDIVIDUAL, APPELLEES, V. BILLY D. DUNCAN, AN INDIVIDUAL AND TRUSTEE OF SANITARY AND IMPROVEMENT DISTRICT NO. 57 OF DOUGLAS COUNTY, NEBRASKA, ET AL., APPELLEES.

565 N.W.2d 726

Filed June 20, 1997.    No. S-95-866.

Malcolm D. Young and Jeff C. Miller, of Young & White, for appellants.

Thomas C. Guilfoyle, of Frost, Meyers, Guilfoyle & Govier, for appellees Duncan et al.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

WHITE, C.J.

During 1984, 1993, and 1994, the council of the City of Elkhorn (City) approved several ordinances extending the City's corporate limits to include territories in Sanitary and Improvement District No. 57 (Chapel Hill) and Sanitary and Improvement District No. 157 (Skyline Ranches). The trustees of Chapel Hill, Billy D. Duncan, Timothy Grove, Gary Demmel, and Bruce Shubert (trustees), filed three separate actions to enjoin the annexations of Chapel Hill and Skyline Ranches. The actions were heard by the district court for Douglas County and subsequently appealed to the Nebraska Supreme Court. A rendition of the procedural and substantive facts regarding the annexations and challenges to the annexations can be found at *SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 536 N.W.2d 56 (1995).

In April 1994, while the preceding cases were pending in district court, the City and its mayor, Phillip E. Klein, and Chapel Hill residents Melissa A. Rosacker and Courtney Campbell (all hereinafter plaintiffs) filed suit against the trustees, alleging that the trustees did not have the power to expend Chapel Hill funds to contest the annexation attempts of the City. The plaintiffs sought declaratory and injunctive relief and also sought recovery of all moneys that had been paid to resist the annexations. The petition was later amended in March 1995.

The trustees demurred to the amended petition, asserting, in part, that the City and its mayor had no standing to challenge the expenditure of Chapel Hill funds. The district court for Douglas County sustained that portion of the demurrer and dismissed the City and its mayor from the case. From this order, the City and mayor appealed. Pursuant to our power to regulate the caseloads of this court and the Nebraska Court of Appeals, we, on our own motion, removed this case to our docket.

The City and its mayor contend on appeal that the district court erred in dismissing them from the case and sustaining the trustees' demurrer.

When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together

with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *PSB Credit Servs. v. Rich*, 251 Neb. 474, 558 N.W.2d 295 (1997).

We have previously held that in an action involving the illegal expenditure of public funds or an increase in the burden of taxation, the plaintiff must be a taxpayer of the governmental body. *SID No. 57 v. City of Elkhorn, supra*; *Rexroad, Inc. v. SID No. 66*, 222 Neb. 618, 386 N.W.2d 433 (1986). In the instant case, the City and its mayor are challenging the expenditure of funds belonging to the governmental body referred to as Chapel Hill. It is clear from the face of the pleadings that neither the City nor its mayor are residents and taxpayers of Chapel Hill; therefore, they lack standing to pursue their lawsuit against the trustees. The district court properly dismissed them from this action.

For the foregoing reasons, we affirm the district court's decision.

AFFIRMED.