**In the Matter of Timothy E. and Bonnie S. JONES, Debtors.**

**Bankruptcy No. BK97–41276.**

United States Bankruptcy Court, D. Nebraska.

Sept. 3, 1997.

David Pederson, North Platte, NE, for Western Nebraska Nat. Bank.

G.J. Beal, Ogallala, NE, for Debtors.

Randall L. Lippstreu, Scottsbluff, NE, Chapter 7 Standing Trustee.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

■ Just prior to filing this bankruptcy case, Western Nebraska National Bank (the "Bank") exercised a power of sale under a trust deed which it held on the debtors' property. The Bank seeks relief from the automatic stay to close the trust deed sale and the debtors resist. I conclude that the debtors' ownership interest in the real estate was terminated before commencement of this case by the trust deed sale. The automatic stay is lifted for cause to permit the Bank to close the sale.

This bankruptcy case was filed on July 2, 1997. Prior to that date, on June 30, 1997, the Bank conducted a trust deed sale under Nebraska law. The property was sold for $14,000.00, a $2,800.00 down payment was made, and a purchase agreement was signed immediately following the sale. The closing was to take place within the next 30 days.

The trust deed sale was duly conducted under Nebraska law. The Bank followed the statutory procedures respecting trust deed sales as set forth in Neb.Rev.Stat. §§ 76–1001–1018. Under these statutes, upon default of a trust deed note, the beneficiary of the trust deed is to provide notice of default to the borrower, the debtors in this case, who then has a period of 30 days in which to cure the default. Upon cure of the default, the deed trust is reinstated. If the borrower fails to cure the default within the statutory period, a notice of sale is published for five-weeks. Once the notice of sale is completed, the trust deed sale may take place. Such sales are final and are not subject to judicial confirmation proceedings. On the facts of this case, the Bank provided notice of de-fault, the debtors failed to cure the default, and the Bank proceeded to exercise its power of sale.

This bankruptcy case was filed a few days after the trust deed sale. The debtors assert that the trust deed sale should not be given effect, that the Bank should be treated as a creditor, and that the subject real estate constitutes property of the bankruptcy estate. The debtors contend that the real estate could be sold by the trustee for a higher price than that obtained by the Bank, thus realizing funds for the benefit of creditors.

The Bankruptcy Code, in the context of Chapter 7 cases, does not provide any statutory provisions comparable to the recently amended subsection 1322(c)(1), which deals with the subject of whether, upon the filing of a Chapter 13 bankruptcy case, the debtor can reinstate a mortgage or trust deed loan. Under § 1322(c)(1), once a foreclosure sale has occurred, a debtor may not reinstate and cure a default with respect to a lien on the debtor's personal residence. Although that section of the Bankruptcy Code is not controlling in this Chapter 7 case, I conclude, from a policy standpoint, that a similar result should prevail in Chapter 7 cases. In other words, the trust deed sale should be regarded as terminating the debtors' ownership interest in the property.

■ After the sale was conducted, all of debtors' ownership rights were extinguished under Nebraska law. The debtors had no right to cure payment defaults and reinstate the trust deed after expiration of the 30 day cure period. The debtors had no post-sale right of redemption, and there is no requirement under Nebraska law, that the sale be confirmed by a court. The fact that a deed to the purchaser had not been delivered does not mean that the debtors still had sufficient interest in the property to, in effect, cause this court to set aside the sale and treat the debtors as the owners of the property. The purchaser at the trust deed sale has the specifically enforceable right to obtain the deed. *See,* Neb.Rev.Stat. § 76–1010. I conclude that the debtors' ownership interest terminated at the time of the trust deed sale, and that the bankruptcy court should not

**494**

disregard or set aside the sale and treat the non-debtor party as a creditor.

This conclusion is supported by a recent Nebraska Supreme Court decision dealing with the statute of limitations applicable to a trust deed lender's right to a deficiency judgment. *See, Bank of Papillion v. Nguyen,* 252 Neb. 926, 567 N.W.2d 166 (1997). Unlike the majority of states, Nebraska permits a deficiency judgment with respect to trust deed obligations. However, Neb.Rev.Stat. § 76–1013 requires that the action for deficiency judgment be commenced within 3 months after any sale of property under a trust deed. The Nebraska Supreme Court held that the 3 month statutory period commenced to run at the time the property was sold and not at the time the trust deed was filed with the county register of deeds. *Id.* Thus, under Nebraska law, after the trust deed sale takes place, the rights of the parties are governed by a detailed statutory scheme, and the contractual relations of the party are essentially terminated. Under these circumstances, the debtors' rights in the collateral should be regarded as terminated. *Compare, Justice v. Valley Nat. Bank,* 849 F.2d 1078, 1080 (8th Cir.1988).

At the time this bankruptcy case was commenced, the debtors had only a possessory interest in the property and the debtors do not have the right to continue in possession of the property under state law. The Chapter 7 standing trustee has abandoned the property. I conclude that cause exists to lift the automatic stay.

IT IS THEREFORE ORDERED, that the Motion for Relief from the Automatic Stay is granted and the Bank may pursue its rights and remedies under applicable non-bankruptcy law.

IT IS SO ORDERED.