JAMES P. NELSON, APPELLEE, v. SERVICE OIL COMPANY ET AL., APPELLANTS.

FILED OCTOBER 23, 1931. No. 28002.

*Prince & Prince,* for appellants.

*Goldman & Corenman, contra.*
*contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

This action was brought pursuant to the provisions of the workmen's compensation act. From an adverse finding made by the compensation commissioner against the defendants, namely, the Service Oil Company and the United States Fidelity & Guaranty Company, they appealed to the district court for Franklin county. The finding of the commissioner was there affirmed, with directions that the defendants pay over to James P. Nelson, the plaintiff, $10 a week beginning May 7, 1930, but not to exceed 300 weeks from October 27, 1928, for personal injuries sustained by him while in the employ of the Service Oil Company, and also $200 as attorney's fees. The defendants have appealed.

The record discloses that the plaintiff had been in the employ of the Service Oil Company for a period of five years as an oil truck driver. His average earnings approximated $130 a month. In respect of the merits the plaintiff testified that on October 27, 1928, there was a slight variation in the price for which the Service Oil Company and other oil companies were selling gasoline, and that he was therefore instructed by his employer to inter-

view the Standard Oil station attendant in respect of its fixed price in the sale of gasoline. In the course of the interview an altercation arose and, in the melee which followed, the plaintiff was struck on the side of his head by the station attendant and rendered unconscious for a brief period. The evidence is established that the plaintiff's injury, so inflicted, was such that it necessitated his absence from his employment for a period of about 10 days immediately thereafter.

From his evidence and that of his attending physician and other examining physicians, it appears that the plaintiff suffers from dizzy and fainting spells as a result of the injury, and that he has been unable to continue in his occupation as a truck driver. It is also established that the plaintiff has been subjected to three spinal punctures by his physician in an effort to relieve his condition, and that he has ever since been under the care of a physician. That the plaintiff's condition is the result of the blow he received is clearly established by the evidence. And the requisite fact appears likewise to be established that the plaintiff's injury was incurred in the course of his employment by the defendant Service Oil Company.

The record shows that the plaintiff received his regular monthly salary from his employer from October 27, 1928, the date of his injury, until March 5, 1929, and that on this latter date he sustained an injury to his right hand. For the injury to his hand, the plaintiff received $15 a week for temporary total disability up to May 6, 1930, when the order awarding him $15 a week for 140 weeks, for 80 per cent. permanent partial loss of the use of his right hand, went into effect. It may be noted, however, that no appeal has been prosecuted from this latter finding by the compensation commissioner. The award for the injury to plaintiff's right hand, in the sum of $15 a week, became operative on the same date that the $10 award for the injury to his head became effective.

In *O'Brien v. Albrecht Co.*, 206 Mich. 101, an award of compensation was reversed where the plaintiff, at the time of a second injury, was receiving compensation from a former employer for partial disability incurred in work-

ing at the same occupation. The court observed that "since the total compensation received by plaintiff for total disability is in excess of the amount authorized by the workmen's compensation act, whether paid by one employer or two," the award should be reversed. And under the apparent strictness of the rule, it has been very generally held that but one sum of money and one period of "compensation" may be awarded an injured employee. *Marhoffer v. Marhoffer,* 220 N. Y. 543; *Hoffman v. Chatham E. L., H. & P. Co.,* 249 N. Y. 433. See, also, *Dunn v. Eaton,* 233 Ky. 699; *Fredenburg v. Empire United Rys.,* 154 N. Y. Supp. 351. In 28 R. C. L. 821, sec. 107, this observation appears: "The compensation to be awarded is not measured by the degree of the injury, but rather by the degree of the incapacity which is caused by the injury."

While the workmen's compensation act contains no specific provision prohibiting the payment of more than one award of compensation during the same period for injuries incurred by an employee on different occasions, the act does limit the amount of compensation for total disability to $15 a week. In the present case, the plaintiff will be receiving $25 a week under the terms of the two awards of compensation. We conclude that it was not within the contemplation of the legislature to provide for more than $15 a week as compensation for temporary total disability in cases similar to the present proceeding. A workman may receive, concurrently, compensation for two or more injuries arising out of and in the course of his employment, but the combined concurrent weekly payments, however, may not exceed $15 a week.

In view of the record before us, the judgment of the district court awarding the plaintiff compensation in the sum of $10 a week, beginning May 7, 1930, but not to exceed 300 weeks from October 27, 1928, must be modified. At the expiration of the award of $15 a week for a period of 140 weeks from May 6, 1930, for the hand injury, the plaintiff is entitled to receive the sum of $10 a week for 82 weeks. The judgment is, however, affirmed in respect of the allowance of the attorney's fees.

AFFIRMED AS MODIFIED.