J.K. ET AL., APPELLEES, V. TERRENCE J. KOLBECK, M.D., AND
TERRENCE J. KOLBECK, M.D., P.C., APPELLEES, AND ST. PAUL
FIRE & MARINE INSURANCE CO., GARNISHEE-APPELLANT.

595 N.W. 2d 875

Filed June 11, 1999.   No. S-98-180.

Joseph W. Grant and Lisa M. Meyer, of Gaines, Mullen, Pansing & Hogan, for appellant.

James E. Harris and Britany S. Shotkoski, of Harris, Feldman Law Offices, for appellees J.K. et al.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

This consolidated garnishment case arises out of three civil suits filed by J.K., C.A.N., and C.S. (claimants) against Terrence J. Kolbeck, M.D., and Terrence J. Kolbeck, M.D., P.C. (Kolbeck). The claimants sued Kolbeck, an Omaha gynecologist, alleging sexual misconduct during the course of examinations he performed on them. Kolbeck's malpractice carrier, St. Paul Fire & Marine Insurance Co. (St. Paul), is a garnishee and the appellant in this action. We reverse and remand.

## BACKGROUND

The claimants sued Kolbeck for damages resulting from alleged sexual misconduct committed by him during the course of gynecological examinations. After the suits were filed, St. Paul took a reservation of rights from Kolbeck reserving its right to deny coverage for sexual misconduct, although St. Paul did provide Kolbeck with legal counsel. Shortly before trial, Kolbeck settled with the claimants. The confidential settlements totaled $400,000 and called for dismissal of the suits with prejudice. The agreements purported to settle for negligence and professional malpractice rather than intentional sexual misconduct. The agreements contained covenants that the claimants would not attempt to collect against Kolbeck personally, but would seek payment of the settlement only through Kolbeck's professional liability carrier, St. Paul.

On claimants' motion, the suits were dismissed with prejudice in accordance with the settlement agreements, and a garnishment was issued to St. Paul.

St. Paul responded that the settlement agreements did not constitute judgments upon which garnishment could lie, that

they were entered into without St. Paul's consent, that they were unenforceable as a matter of law, and that there was no support for the claimants' contention that a sexual battery could constitute a professional service.

The claimants and St. Paul filed motions for summary judgment. The trial court sustained the claimants' motions and overruled St. Paul's motion. The trial court held that the agreements constituted judgments upon which garnishment proceedings could lie and further, that the sexual misconduct of Kolbeck was committed in the course of, and as an inseparable part of, his professional services, and therefore coverage under Kolbeck's policy was warranted. The trial court further held that even though St. Paul had defended the actions against Kolbeck, because it had done so under a reservation of rights, Kolbeck was free to settle without St. Paul's consent.

St. Paul timely appealed the order granting summary judgment to the claimants.

## ASSIGNMENTS OF ERROR

St. Paul assigns that the trial court erred in (1) holding that the agreements which called for and resulted in the dismissal of the underlying actions with prejudice constituted judgments upon which the claimants could garnish St. Paul's professional liability policy; (2) finding that the settlement agreements were considered res judicata and immune from collateral attack; (3) attributing any legal significance to the agreements when testimony from the claimants contradicted purported statements of fact contained in the agreements and when other competent evidence demonstrated the absence of a factual basis for the claimed liability; (4) refusing to admit exhibits 26 and 27; (5) failing to hold that the settlements, without St. Paul's consent, violated the terms of the policy; (6) holding that an insured may settle and bind his insurance company if the insurance company has defended a suit under a reservation of rights; (7) holding that Kolbeck's alleged tortious conduct was committed in the course of, and as an inseparable part of, the professional services rendered and that the acts complained of were covered under Kolbeck's professional liability policy; (8) granting summary judgment to claimants; (9) failing to grant summary judgment to

St. Paul; and (10) that the trial court's order dated January 29, 1998, is contrary to and not supported by the law or the evidence.

## STANDARD OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Shivvers v. American Family Ins. Co.*, 256 Neb. 159, 589 N.W.2d 129 (1999); *Willers v. Willers*, 255 Neb. 769, 587 N.W.2d 390 (1998). On questions of law, a reviewing court has an obligation to reach its own conclusions independent of those reached by the lower courts. *Deuth v. Ratigan*, 256 Neb. 419, 590 N.W.2d 366 (1999); *Wood v. McGrath, North*, 256 Neb. 109, 589 N.W.2d 103 (1999).

## ANALYSIS

St. Paul's first assignment of error, that the dismissals of the claimants' suits with prejudice did not constitute judgments upon which garnishments could lie, is dispositive of the case. We reverse and remand.

Garnishment is a legal, not equitable, remedy unknown at common law and is a purely statutory remedy. Being in derogation of common law, garnishment statutes are strictly construed and demand compliance with all prerequisites before any remedy is available under such statutes. *Torrison v. Overman*, 250 Neb. 164, 549 N.W.2d 124 (1996); *NC+ Hybrids v. Growers Seed Assn.*, 219 Neb. 296, 363 N.W.2d 362 (1985).

A valid judgment is clearly required in order for a garnishment to lie. By the plain language of Neb. Rev. Stat. § 25-1056 (Cum. Supp. 1998), garnishment in aid of execution is available only "when a judgment has been entered." The trial court found that the dismissals of the claimants' suits with prejudice pursuant to the confidential settlement agreements constituted judgments for the purposes of § 25-1056. In light of our duty to strictly construe that statute, we must disagree.

A judgment is the final determination of the rights of the parties in an action. Neb. Rev. Stat. § 25-1301(1) (Reissue

1995). Rendition of a judgment is the act of the court, or a judge thereof, in pronouncing judgment, accompanied by the making of a notation on the trial docket, or one made at the direction of the court or judge thereof, of the relief granted or denied in an action. § 25-1301(2).

The dismissals in this case did not pronounce a judgment, nor was any relief granted or denied. Instead, the orders stated, "**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED**, that the above-captioned matter shall be and hereby is dismissed with prejudice in accordance with the terms of the 'Confidential Settlement Agreement.'"

Even if, as the claimants argue, the settlement agreements were incorporated into the orders, the fact remains that the trial court did not enter any judgments against Kolbeck. The dismissals of the suits represent the trial court's relinquishing, rather than exercising, its power over the parties, and as such, they are the antithesis of a judgment. Garnishment proceedings exist to enforce the authority of the courts, not to police the actions of private parties who have entered into an agreement for the purpose of avoiding that authority.

Having determined that there was no judgment upon which garnishment could lie, we find that the granting of summary judgment to the claimants was clearly improper. Instead, there remains no question of fact the resolution of which would allow the claimants to prevail on their garnishment, and so judgment should have been entered as a matter of law in favor of St. Paul.

## CONCLUSION

A garnishment action is an action to enforce a judgment. As there were no judgments outstanding against Kolbeck in this matter, St. Paul was entitled to summary judgment against the claimants. The orders of the trial court are reversed and the causes remanded for entry of summary judgment in favor of St. Paul for the sole reason that the dismissal of this consolidated action is not a judgment upon which a garnishment could lie. As this holding is dispositive of this appeal, we do not address St. Paul's other assignments of error.

REVERSED AND REMANDED.

STEPHAN, J., not participating.