LUANN NICHOLSON, APPELLANT, V. GENERAL CASUALTY COMPANY OF WISCONSIN, APPELLEE.
DENNIS GALE NICHOLSON, APPELLANT, V. GENERAL CASUALTY COMPANY OF WISCONSIN, APPELLEE.

636 N.W.2d 372

Filed December 7, 2001.   Nos. S-00-230, S-00-231.

David B. Latenser and Daniel L. Johnson, of Latenser & Johnson, P.C., for appellants.

Robert D. Mullin, Jr., of McGrath, North, Mullin & Kratz, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

Gerrard, J.

## BACKGROUND

Dennis Gale Nicholson was injured on August 2, 1991, when the vehicle he was driving was struck by an underinsured motorist (UIM). The UIM was insured under an automobile liability policy issued by Union Insurance Company, which settled Dennis' claim on that policy for the policy limit of $50,000.

At the time of the accident, Dennis was driving a vehicle owned by Dennis' employer. The vehicle was covered under a policy of automobile insurance issued by Royal Insurance Company of America (Royal Insurance), which included UIM coverage up to a limit of $500,000. Dennis and his wife, LuAnn Nicholson, also had their own automobile insurance policy issued by General Casualty Company of Wisconsin (General Casualty), which provided UIM coverage up to a limit of $300,000. Pursuant to Neb. Rev. Stat. § 60-580(2) (Reissue 1988), in effect at the time of the accident, coverage under the policy issued by Royal Insurance had priority over coverage under the General Casualty policy.

Dennis and LuAnn each made a separate claim against the General Casualty UIM coverage, both of which were denied by General Casualty. Dennis and LuAnn sued General Casualty to recover under their policy. General Casualty filed a motion for summary judgment, which was granted by the district court, on the basis that given the limitation on recovery set forth in § 60-580, there were no circumstances under which General Casualty's coverage could be implicated. See *Nicholson v. General Cas. Co. of Wis.*, 255 Neb. 937, 587 N.W.2d 867 (1999). On appeal, this court disagreed and reversed the decision and remanded the cause for further proceedings. See *id.*

During the pendency of the prior appeal, Dennis and LuAnn settled their claims against Royal Insurance for $215,221.29. Dennis and LuAnn are now pursuing their claims under the General Casualty policy for damages they allege are uncompensated by the payments from Union Insurance and Royal Insurance.

After the cause was remanded, based on the settlement with Royal Insurance, General Casualty filed another motion for summary judgment, which was granted by the district court. The

district court stated that Dennis and LuAnn "had to be aware that any settlement with Royal [Insurance] could be construed as a full and final settlement of their claims." The district court found that Dennis and LuAnn, "having jointly accepted a settlement of less than one-half of the $500,000.00 coverage, are precluded from proceeding under underinsured motorist policy against [General Casualty]." Dennis and LuAnn appeal.

## ASSIGNMENTS OF ERROR

Dennis and LuAnn assign, consolidated and restated, that the district court erred in (1) concluding that Dennis and LuAnn were precluded from seeking recovery from General Casualty for their uncompensated damages resulting from the accident; (2) construing § 60-580 to contain an exhaustion clause; (3) failing to conclude that General Casualty is entitled to a credit in the amount of the $500,000 limit of the Royal Insurance policy, regardless of the amount of the settlement with Royal Insurance; (4) excluding from evidence exhibits 9 through 12, which provided evidence of the extent of LuAnn's loss of consortium claim, and that General Casualty was not prejudiced by Dennis and LuAnn's settlement with Royal Insurance; and (5) accepting into evidence the legislative history of 1994 Neb. Laws, L.B. 1074, operative January 1, 1995, which amended § 60-580 after Dennis' accident.

The appellants' brief, however, contains no argument supporting their third assignment of error. Therefore, we do not consider it. Errors that are assigned but not argued will not be addressed by an appellate court. *Holmes v. Crossroads Joint Venture, ante* p. 98, 629 N.W.2d 511 (2001).

## STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Skinner v. Ogallala Pub. Sch. Dist. No. 1, ante* p. 387, 631 N.W.2d 510 (2001).

The meaning of a statute is a question of law, and a reviewing court is obligated to reach conclusions independent of the determination made by the court below. *Jacob v. Schlichtman,* 261 Neb. 169, 622 N.W.2d 852 (2001).

## ANALYSIS

The primary issue presented in this appeal is whether the district court erred in concluding that Dennis and LuAnn were required to exhaust the UIM limits of the Royal Insurance policy as a prerequisite to their UIM claim under the General Casualty policy. At the time of the accident, on August 2, 1991, § 60-580 provided:

(1) In the event an insured is entitled to underinsured motorist coverage under more than one policy of motor vehicle liability insurance, the maximum amount an insured may recover shall not exceed the highest limit of any one such policy.

(2) When multiple policies apply, payment shall be made in the following order of priority, subject to the limit of liability for each applicable policy:

(a) A policy covering a motor vehicle occupied by the injured person at the time of the accident;

(b) A policy covering a motor vehicle which came into contact with the insured while a pedestrian; and

(c) A policy covering a motor vehicle not involved in the accident with respect to which the injured person is an insured.

The General Casualty policy also provided, in accord with the language of § 60-580:

If there is other applicable similar insurance available under more than one policy or provision of coverage:

1. Any recovery for damages for "bodily injury" sustained by an "insured" may equal but not exceed the higher of the applicable limit for any one vehicle under this insurance or any other insurance.

2. The following priorities of recovery apply:

FIRST The Underinsured Motorist Coverage applicable to the vehicle the "insured" was occupying at the time of the accident.

SECOND Any other policy affording Underinsured Motorist Coverage to the "insured" as a named insured or family member.

General Casualty contends that the language of § 60-580, and the corresponding language of the policy, required exhaustion of

the primary UIM policy before seeking payment under another, excess UIM policy. This reading of the statute is consistent with the general rule that when multiple policies apply, primary uninsured motorist or UIM coverage must be exhausted before excess uninsured motorist or UIM coverage is triggered. See, e.g., *Nationwide General Ins. Co. v. Perry*, 2 F. Supp. 2d 857 (S.D. Miss. 1997); *Illinois Nat. Ins. Co. v. Kelley*, 764 So. 2d 1283 (Ala. App. 2000); *Iodice v. Jones*, 133 N.C. App. 76, 514 S.E.2d 291 (1999); *Donovan v. State Farm Auto. Ins. Co.*, 105 Ohio App. 3d 282, 663 N.E.2d 1022 (1995). See, generally, 3 Alan I. Widiss, Uninsured and Underinsured Motorist Insurance § 40.5 (rev. 2d ed. 2001). An insurer providing excess uninsured motorist or UIM coverage is usually entitled to enforce a provision that no liability exists until the primary UIM coverage is exhausted. See *id.*

We conclude that the language of § 60-580 required Dennis and LuAnn to exhaust their primary UIM coverage with Royal Insurance prior to pursuing a claim under their excess UIM coverage with General Casualty. The statute provided that payment under successive UIM coverages was to be made in the specified "order of priority, subject to the limit of liability for each applicable policy." It would make little sense for the Legislature to utilize the phrase "order of priority" and to establish a succession of primary and excess coverage unless exhaustion was a prerequisite to proceeding against the excess carrier. When construing a statute, appellate courts are guided by the presumption that the Legislature intended a sensible, rather than an absurd, result in enacting the statute. *Fay v. Dowding, Dowding*, 261 Neb. 216, 623 N.W.2d 287 (2001). An appellate court will, if possible, try to avoid a statutory construction which would lead to an absurd result. See, *In re Estate of Eickmeyer, ante* p. 17, 628 N.W.2d 246 (2001); *State on behalf of Minter v. Jensen*, 259 Neb. 275, 609 N.W.2d 362 (2000).

We note that the language of the General Casualty UIM policy mirrored that of § 60-580. It is quite clear from the language in General Casualty's policy that the insurer of the vehicle that Dennis was "occupying at the time of the accident" (i.e., Royal Insurance) provided primary coverage and that General Casualty provided excess coverage. Thus, while nothing in the then Underinsured Motorist Insurance Coverage Act precluded

General Casualty from offering or providing coverage to Dennis and LuAnn on more favorable terms than required by the act, see Neb. Rev. Stat. § 60-582(4) (Reissue 1988), now codified at Neb. Rev. Stat. § 44-6413(4) (Reissue 1998), there is no indication in the General Casualty policy that such was intended. The consistency of the language in § 60-580 and the General Casualty policy leads to the conclusion that the General Casualty policy required primary UIM coverage to be exhausted before excess UIM coverage attached.

We conclude, therefore, that § 60-580 is consistent with, and was intended to effectuate, the general rule that primary UIM coverage must be exhausted before excess UIM coverage is triggered. The district court did not err in determining that Dennis and LuAnn's failure to exhaust the limits of the primary UIM coverage available to them under the Royal Insurance policy precluded their claims against the excess UIM coverage provided by General Casualty. Dennis and LuAnn's first two assignments of error are thus without merit.

Dennis and LuAnn argue, under their fourth assignment of error, that the district court erred in excluding evidence that they claim would have shown the extent of LuAnn's damages and that their settlement with the UIM did not prejudice General Casualty. In view of our determination regarding Dennis and LuAnn's failure to exhaust the limits of their primary UIM coverage, we need not consider this assignment of error, since the issues of LuAnn's damages and prejudice to General Casualty from settlement with the UIM do not affect our disposition of the case. Error regarding the exclusion of this evidence, if any, is not prejudicial and provides no basis for reversal. See *John Markel Ford v. Auto-Owners Ins. Co.*, 249 Neb. 286, 543 N.W.2d 173 (1996).

Dennis and LuAnn also claim, in their final assignment of error in this case of last impression, that the district court erred in accepting into evidence the legislative history of L.B. 1074, which amended § 60-580 after Dennis' accident. In 1994, § 60-580 was amended and recodified as Neb. Rev. Stat. § 44-6411 (Reissue 1998), and now specifically provides that in the event of bodily injury, sickness, disease, or death of an insured while occupying a motor vehicle not owned by the

insured, the UIM coverage on the occupied motor vehicle is primary, and if such primary coverage is exhausted, other UIM coverage available to the insured is excess. See L.B. 1074. Dennis and LuAnn argue, as we understand it, that this legislative history was irrelevant.

■ However, in order to ascertain the proper meaning of a statute, reference may be had to later as well as earlier legislation upon the same subject. *Gage Cty. Bd. v. Nebraska Tax Equal. & Rev. Comm.*, 260 Neb. 750, 619 N.W.2d 451 (2000); *Big John's Billiards v. Balka*, 260 Neb. 702, 619 N.W.2d 444 (2000). While the district court might have erred had it relied on the legislative history, we are hard pressed to find reversible error solely in the district court's acceptance and examination of the legislative history. There is no indication in the record or the district court's reasoning, as expressed in its order, that the district court actually relied on the legislative history in reaching its conclusion.

In any event, we have independently determined, without reference to the legislative history of L.B. 1074, that § 60-580 bars Dennis and LuAnn's recovery under the General Casualty UIM coverage. Any error in the district court's acceptance into evidence of the legislative history is, therefore, harmless and provides no basis for reversal. See *John Markel Ford v. Auto-Owners Ins. Co., supra.*

## CONCLUSION

Section 60-580 and the consistent language of the General Casualty UIM policy required Dennis and LuAnn to exhaust their primary UIM coverage before proceeding against their excess UIM coverage carrier, General Casualty. The district court did not err in determining that Dennis and LuAnn's claims against General Casualty were barred after their failure to exhaust the policy limits of the Royal Insurance UIM coverage, nor did the district court commit reversible error in its evidentiary rulings. The judgment of the district court is, therefore, affirmed.

AFFIRMED.