GONZALO VEGA, APPELLANT, V. IOWA BEEF PROCESSORS, INC., APPELLEE.

646 N.W.2d 643

Filed July 12, 2002.   No. S-01-141.

Joseph C. Dowding, of Dowding, Dowding & Dowding, for appellant.

Nicole M. Mailahn, of Jacobsen, Orr, Nelson, Wright & Lindstrom, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.

GERRARD, J.

## FACTUAL AND PROCEDURAL BACKGROUND

Gonzalo Vega, the appellant, suffered injuries as a result of accidents arising out of and in the course of his employment with Iowa Beef Processors, Inc. (IBP). Vega suffered injuries to his right shoulder, right knee, left elbow, and lower back in four separate accidents during 1994 and 1996. In an award entered October 8, 1998, and an order nunc pro tunc entered October 19, 1998, the single judge of the Nebraska Workers' Compensation Court found as follows:

1. Vega injured his right shoulder on September 19, 1994, while "pulling fat" and experienced a 10-percent permanent functional impairment of his right arm as a result of the accident;

2. Vega injured his right knee on January 26, 1996, while kneeling down on a metal grate and experienced a 30-percent permanent functional impairment of his right leg as a result of the accident;

3. Vega injured his left elbow on March 4, 1996, while "pulling fat" and experienced a 6-percent permanent functional impairment of his left arm as a result of the accident; and

4. Vega injured his lower back on March 14, 1996, as a result of "twisting and pulling on the production line" and experienced a 50-percent loss of earning capacity for impairment to the body as a whole as a result of that accident.

As a result of the court's finding three compensable injuries to scheduled members (i.e., shoulder, knee, and elbow), as well as a 50-percent loss of earning capacity for impairment to the body as a whole regarding the back injury, the single judge

ordered IBP to pay Vega permanent partial disability benefits for each of the injuries, medical expenses, waiting-time penalties, attorney fees, and interest. In addition, the single judge approved vocational rehabilitation services for Vega and ordered the payment of temporary total disability benefits during the period of vocational rehabilitation. Vega was enrolled in classes pursuant to the vocational rehabilitation plan from February 16, 1998, through January 8, 1999.

On February 18, 1999, the parties stipulated that there was $48,654.77 due and owing on the award of October 8, 1998. The parties agreed, in the stipulation, that "[t]he issue before the Court is whether or not the defendants are entitled to credit, against amounts due and owing per [the October 8, 1998,] Award, for temporary total disability paid during vocational rehabilitation, starting on 2/16/98 through the current date."

On January 5, 2000, after some intervening proceedings that are not relevant to this appeal, Vega filed a motion for waiting-time penalties, attorney fees, and interest. Vega alleged that the award of October 8, 1998, was then final and that IBP continued to owe Vega $10,990.87 in past-due benefits.

In an order entered June 19, 2000, the single judge of the Workers' Compensation Court agreed with Vega. The single judge found that IBP had paid a lump sum of past-due benefits, but had taken credit for temporary total disability benefits paid while Vega was engaged in vocational rehabilitation. The court concluded that IBP's obligation to pay temporary total disability benefits during Vega's vocational rehabilitation was separate and independent of its obligation to pay permanent partial disability benefits awarded at the original hearing. Because IBP could not take credit for the temporary total disability benefits paid during Vega's vocational rehabilitation, the single judge determined that IBP still owed Vega $10,990.87. The court ordered that this amount be paid, as well as $5,495.44 in waiting-time penalties and interest, and awarded Vega $1,800 in attorney fees.

The single judge, in confirming the parties' calculations of the total amount owed pursuant to the October 8, 1998, award, also engaged in a discussion whether certain permanent partial disability benefits could be "stack[ed]" onto temporary total disability benefits up to the statutory maximum set forth in Neb. Rev. Stat.

§ 48-121.01 (Reissue 1998). The single judge stated that such benefits could be stacked up to the maximum rate, which was $409 per week in this case, but that benefits exceeding that amount could be deferred until after temporary total disability benefits were exhausted. See *Anderson v. Omaha Pub. Sch. Dist.*, 254 Neb. 1007, 581 N.W.2d 424 (1998). The single judge determined that $8,237.80 in permanent partial disability benefits should have been paid to Vega concurrently with the temporary total disability benefits he received during vocational rehabilitation and that any other suspended benefits should have been paid by the time that IBP presented Vega with the lump-sum payment of past-due benefits. Thus, the single judge concluded that at the time of the lump-sum payment, all the benefits awarded in the October 8, 1998, award were due and owing, and entered a further award.

IBP filed an application for review, arguing that the single judge had erred in concluding that IBP was not entitled to credit for the temporary total disability benefits paid while Vega was engaged in vocational rehabilitation. The review panel of the Workers' Compensation Court reversed the judgment of the single judge, finding that the single judge had erred in stacking Vega's permanent partial disability benefits and temporary total disability benefits up to the statutory maximum set forth in § 48-121.01 when determining the amount of benefits that were past due at the time of IBP's lump-sum payment to Vega. The review panel stated that "[i]f the trial court is correct in that [§] 48-121.01 and $409.00 is the appropriate amount, then the figures set forth in the further award of June 19, 2000, are correct and should be affirmed." The review panel concluded, however, that the appropriate limitation on Vega's total benefits was 66⅔ percent of Vega's wages at the time of injury, as set forth in Neb. Rev. Stat. § 48-121(1) (Reissue 1998). Since the single judge, according to the review panel, based his calculations on an erroneous assumption regarding the amount that was past due at the time of the lump-sum payment, the review panel reversed and dismissed the further award entered on June 19. Vega appeals.

## ASSIGNMENT OF ERROR

Vega assigns, consolidated and restated, that the review panel of the Workers' Compensation Court erred in determining

that a worker entitled to receive both temporary total disability and permanent partial disability benefits cannot receive those benefits concurrently up to the maximum weekly rate set forth in § 48-121.01.

## STANDARD OF REVIEW

■ An appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Schwan's Sales Enters. v. Hitz*, 263 Neb. 327, 640 N.W.2d 15 (2002).

■ The meaning of a statute is a question of law. *Nicholson v. General Cas. Co. of Wis.*, 262 Neb. 879, 636 N.W.2d 372 (2001). An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Green v. Drivers Mgmt., Inc.*, 263 Neb. 197, 639 N.W.2d 94 (2002).

## ANALYSIS

■ Before addressing the issue in this case, it is helpful to discuss two established principles in order to narrow the focus of our inquiry. We have long recognized that the workers' compensation statutes do not prohibit a worker from concurrently receiving statutory benefits for *separate injuries* arising out of *separate accidents*, so long as the combined payments do not exceed the maximum weekly rate allowed by statute. See, *Anderson v. Omaha Pub. Sch. Dist.*, 254 Neb. 1007, 581 N.W.2d 424 (1998); *Foreman v. State*, 240 Neb. 716, 483 N.W.2d 752 (1992); *Hansen v. Paxton & Vierling Iron Works*, 138 Neb. 589, 293 N.W. 415 (1940); *Peterson v. Borden's Produce Co.*, 125 Neb. 404, 250 N.W. 240 (1933); *Nelson v. Service Oil Co.*, 121 Neb. 762, 238 N.W. 525 (1931). The reasoning is that a worker should not be prohibited from receiving benefits for a current injury merely because that worker is receiving unrelated compensation for a separate injury to a separate part of the worker's body from a previous accident. See *Hansen, supra.* However, it is equally well settled that a worker may not simultaneously receive benefits for

temporary total disability during vocational rehabilitation and benefits for a whole body permanent partial disability (i.e., loss of earning power) arising out of the *same injury*. See, *Gibson v. Kurt Mfg.*, 255 Neb. 255, 583 N.W.2d 767 (1998); *Bindrum v. Foote & Davies*, 235 Neb. 903, 457 N.W.2d 828 (1990); *Thom v. Lutheran Medical Center*, 226 Neb. 737, 414 N.W.2d 810 (1987). This is because the effort at vocational rehabilitation is aimed at reducing the loss of earning power in a whole body permanent partial disability situation. See *Thom, supra.*

In the instant case, both of the above principles are in play, but neither the parties nor the Workers' Compensation Court articulated which of the particular permanent partial disability benefits could be paid concurrently with the benefits for temporary total disability during Vega's vocational rehabilitation. In other words, Vega was entitled to receive permanent partial disability payments for each of the three scheduled member injuries simultaneously with the temporary total disability payments during vocational rehabilitation (i.e., separate injuries to separate body parts from unrelated prior accidents)—so long as the combined payments did not exceed the maximum weekly rate allowed by statute. On the other hand, the permanent partial indemnity payments for the 50-percent loss of earning capacity (back injury) would have properly been suspended during the time that Vega received temporary total disability benefits for vocational rehabilitation. It should be noted that even though the parties did not draw such a distinction in the court below, the record reflects that all benefits set forth in the October 8, 1998, award were due and owing at the time of the lump-sum payment, if the single judge's interpretation of § 48-121.01 is correct.

With that in mind, we confine our analysis to the sole issue presented by the parties in this appeal: whether the single judge was correct in determining that the maximum weekly rate to which Vega was entitled to have his temporary total and permanent partial disability benefits combined was found in § 48-121.01, rather than the lesser rate in § 48-121(1). Section 48-121.01(1)(b) provides, in relevant part, that "[c]ommencing January 1, 1996, and each January 1 thereafter, the maximum weekly income benefit under sections 48-121 and 48-122 shall be one hundred percent, computed to the next higher whole dollar, of the state average

weekly wage . . . ." The single judge found that the maximum weekly income benefit available to Vega under § 48-121.01 was $409 per week, and neither party has contested this finding.

As noted earlier, the propriety of stacking permanent partial disability and temporary total disability benefits was most recently addressed by this court in *Anderson v. Omaha Pub. Sch. Dist.*, 254 Neb. 1007, 581 N.W.2d 424 (1998), and in *Foreman v. State*, 240 Neb. 716, 483 N.W.2d 752 (1992). In both *Anderson* and *Foreman*, we determined that there was no prohibition in the workers' compensation statutes, other than the statutory maximum set forth in § 48-121.01, to prevent an injured worker from concurrently being paid permanent partial disability benefits arising out of a prior accident and temporary total disability benefits as a result of a subsequent injury.

The review panel in the instant case, however, citing *Anderson, supra,* concluded that Vega was not entitled to have his permanent partial disability and temporary total disability benefits stacked up to the $409 weekly maximum rate set forth in § 48-121.01. The review panel based its conclusion on § 48-121(1), which provides in relevant part:

> For total disability, the compensation during such disability shall be sixty-six and two-thirds percent of the wages received at the time of injury, but such compensation shall not be more than the maximum weekly income benefit specified in section 48-121.01 nor less than the minimum weekly income benefit specified in section 48-121.01[.]

The review panel interpreted *Anderson, supra*, "to only allow all benefits to be 'stacked' up to the maximum of the lesser of 66 2/3 percent of the average weekly wage pursuant to Section 48-121(1) or the maximum benefit level as set forth in Section 48-121.01 for high wage earners." Based on this interpretation of *Anderson*, the review panel concluded that the single judge had erred in his calculation of the amount of benefits past due at the time of IBP's lump-sum payment to Vega.

The review panel's conclusion, however, is inconsistent with both *Anderson, supra*, and *Foreman, supra*, and the workers' compensation statutory scheme. The review panel's reasoning was essentially that both §§ 48-121(1) and 48-121.01 set forth limitations on the amount of benefits available to an injured

worker and that benefits could only be stacked until reaching the lesser of the two limitations.

Under the review panel's reasoning, where an injured worker's wages are high enough that 66⅔ percent of the injured worker's wages at the time of injury is equal to or greater than the maximum weekly benefit level of § 48-121.01, then stacking is precluded because the worker's aggregate weekly benefits cannot exceed the statutory maximum. This was the situation in *Anderson, supra.* However, under the review panel's reasoning, where 66⅔ percent of an injured worker's wages at the time of injury is less than the maximum weekly benefit level set forth in § 48-121.01, stacking would *still* be precluded, because the amount of compensation for temporary total disability, pursuant to § 48-121(1), will always be 66⅔ percent of the injured worker's wages at the time of injury.

In other words, under the review panel's reasoning, there could be no circumstances in which temporary total disability and permanent partial disability benefits could be stacked. This result is inconsistent with our holding in *Anderson v. Omaha Pub. Sch. Dist.*, 254 Neb. 1007, 1011, 581 N.W.2d 424, 426 (1998), in which we said that "[t]here is no prohibition in the workers' compensation statutes, other than the statutory maximum of [§ 48-121.01], that would prevent Anderson from being paid concurrently for both her permanent partial disability and her temporary total disability." See, also, *Siliphet v. IBP, inc.*, 8 Neb. App. 48, 587 N.W.2d 895 (1999).

As in *Anderson, supra,* we observe that permanent partial disability benefits, arising out of a prior accident, and temporary total disability benefits paid while a worker is engaged in vocational rehabilitation, as a result of an unrelated accident, are two distinct forms of compensation, serving two separate purposes. *Anderson* holds, as the single judge correctly discerned, that the only statutory limitation on stacking of permanent partial disability and temporary total disability benefits is the maximum weekly income benefit set forth in § 48-121.01.

The review panel's conclusion is also inconsistent with the language of § 48-121(1). That section sets forth that the compensation shall be 66⅔ percent of an injured worker's wages at the time of injury "for total disability." Nothing in the language

of § 48-121(1), unlike § 48-121.01, purports to establish a limitation on the total amount of benefits that an injured worker may receive for two separate and distinct forms of compensation.

Instead, § 48-121(1) simply provides that "for total disability," the compensation shall be 66⅔ of the injured worker's wages at the time of injury, assuming that such compensation is not less than the minimum weekly income benefit set forth in § 48-121.01(2). This is a limitation on the compensation for total disability solely, and is not a limitation on the total weekly income benefit that an injured worker may receive when partial disability benefits are stacked with total disability benefits. That limitation, as the single judge correctly determined, is set forth in § 48-121.01.

The review panel found that if the single judge's determination of the maximum weekly income benefit was correct, then the single judge's calculations and conclusions were correct and should be affirmed. IBP has not cross-appealed from this determination and, thus, has not preserved in this court any alternative basis for affirming the judgment of the review panel. See *McDonald v. DeCamp Legal Servs.*, 260 Neb. 729, 619 N.W.2d 583 (2000).

## CONCLUSION

The single judge of the Workers' Compensation Court correctly determined that Vega's temporary total disability and permanent partial disability benefits could be stacked up to the maximum weekly income benefit set forth in § 48-121.01. The review panel of the Workers' Compensation Court erred as a matter of law in concluding otherwise. Therefore, we reverse the judgment of the review panel and remand the cause with directions to reinstate the further award entered by the single judge on June 19, 2000.

REVERSED AND REMANDED WITH DIRECTIONS.

McCORMACK, J., participating on briefs.