STATE BANK OF TRENTON, A NEBRASKA BANKING CORPORATION,
APPELLANT, V. MARLIN AND GLORIA LUTZ, APPELLEES.
719 N.W.2d 731

Filed July 11, 2006.    No. A-05-846.

Robert B. Reynolds and Robert S. Harvoy, of McGinley, O'Donnell, Reynolds & Edwards, P.C., L.L.O., for appellant.

James D. Owens for appellees.

SIEVERS, MOORE, and CASSEL, Judges.

SIEVERS, Judge.

State Bank of Trenton (State Bank) appeals the decision of the district court for Dundy County granting the motion of Marlin and Gloria Lutz for summary judgment and dismissing the action.

## FACTUAL BACKGROUND

On May 1, 1993, Marlin and Gloria signed to a bank in Benkelman a "Security Assignment" which included the following piece of real estate: southwest quarter of Section 33, Township 3 North, Range 39 West of the 6th P.M., Dundy County, Nebraska. The security assignment was recorded on June 18, 1993, in book 53, of mortgages, page 3, in the office of the Dundy County register of deeds.

Approximately 6 years later, on March 15, 1999, Marlin and Gloria signed and delivered a "Deed of Trust" to State Bank for the southwest quarter of Section 33, Township 3 North, Range 39 West of the 6th P.M. in Dundy County. The deed of trust states, "This Deed of Trust secures the debt of Richard M. and Lona J. Lutz," and "The lien of this Deed of Trust shall not exceed at any one time $200,000.00." The deed of trust was filed on March 17 in the office of the Dundy County register of deeds and recorded in book 58, of mortgages, page 399. The deposition testimony of Charles Sandman, who was State Bank's senior "ag loan officer" when the deed of trust was executed, testified that Marlin and Gloria had no indebtedness to State Bank on March 15, the day they signed the trust deed, and that the deed of trust was to provide additional collateral for the debt of Marlin and Gloria's son, Richard Lutz, who was indebted to State Bank.

On June 1, 2001, Marlin and Gloria sold the property listed in the deed of trust to Richard and Lona Lutz—Marlin and Gloria's son and daughter-in-law—for $1 and other good and valuable consideration. The warranty deed to Richard and Lona was re- corded in book 52, of deeds, page 544.

## PROCEDURAL BACKGROUND

On February 24, 2003, State Bank filed a complaint against Marlin and Gloria, alleging two causes of action: (1) breach of the deed of trust agreement and (2) fraudulent misrepresenta- tion. The only fact of consequence applicable to both causes of action is that Marlin and Gloria executed a deed of trust "grant- ing [State Bank] security interest in the Southwest corner [sic] of Section 33." We observe that there is no allegation that Marlin and Gloria are indebted to State Bank, for example, on an under- lying promissory note. State Bank alleged that Marlin and Gloria breached the Deed of Trust Agreement in one or more of the following but not limited to:

A. In transferring the land to Richard & Lona Lutz;

B. In transferring or giving a Deed of Trust to the . . . Bank [in] Benkleman [sic];

C. Failing [to] remain in possession of the above land;

D. By misrepresenting whether or not there [were] any prior or existing liens on the property to [State Bank.]

State Bank also alleged in its second cause of action that Marlin and Gloria "fraudulently misrepresented whether or not the . . . land was free and clear of encumbrances and liens" and that State Bank "relied on the above representations and on the Deed of Trust agreement itself, thereby extending money to [Marlin and Gloria's] son and daughter-in-law." State Bank alleged that it was damaged in the amount of $200,000. Marlin and Gloria filed their answer disputing such claims on May 20, 2003.

On December 18, 2003, State Bank filed a motion for sum- mary judgment, claiming that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. In support of its motion, State Bank stated it was relying on the pleadings filed in the case, the warranty deed from Marlin and Gloria to Richard and Lona, the deed of trust signed by Marlin and Gloria to State Bank on March 15, 1999, and the affi- davit of Kent Franzen, the vice president of State Bank. A hearing

on State Bank's motion was apparently held on May 17, 2005, although documentation of such hearing does not appear in our record. The district court's May 25, 2005, journal entry overruled State Bank's motion for summary judgment.

On May 26, 2005, Marlin and Gloria filed a motion for summary judgment claiming that there was no genuine issue as to any material fact and that they were entitled to judgment as a matter of law. In support of their motion, Marlin and Gloria stated they were relying on the pleadings filed in the case; the warranty deed from Marlin and Gloria to Richard and Lona dated June 1, 2001; the deed of trust executed by Marlin and Gloria to a bank in Benkelman on May 1, 1993; the affidavits of Marlin, Gloria, and Richard; and the deposition of Sandman dated May 10, 2005.

A hearing on Marlin and Gloria's motion was held on June 14, 2005. At the hearing on the motion for summary judgment, Marlin and Gloria offered into evidence the affidavits of Franzen, Marlin, Gloria, and Richard; the deed of trust executed by Marlin and Gloria to State Bank on March 15, 1999; the warranty deed from Marlin and Gloria to Richard and Lona dated June 1, 2001; the security assignment executed by Marlin and Gloria to a bank in Benkelman on May 1, 1993; and the deposition of Sandman. The court received all of these exhibits. State Bank offered into evidence the affidavit of the president of the bank formerly known as State Bank, but such was not received into evidence because it was not provided to Marlin and Gloria prior to the day of the hearing. After finding that there were no disputes regarding material facts, the district court's June 23, 2005, journal entry granted Marlin and Gloria's motion for summary judgment and dismissed the action. State Bank timely appeals.

## ASSIGNMENTS OF ERROR

State Bank alleges that the district court erred in (1) granting Marlin and Gloria's motion for summary judgment upon the facts, (2) finding that there is no dispute regarding material facts, and (3) denying State Bank's motion for summary judgment.

## STANDARD OF REVIEW

■ Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine

issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Blair v. State Farm Ins. Co.*, 269 Neb. 874, 697 N.W.2d 266 (2005).

In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Spring Valley IV Joint Venture v. Nebraska State Bank*, 269 Neb. 82, 690 N.W.2d 778 (2005).

## ANALYSIS

*Breach of Trust Deed.*

The deed of trust executed by Marlin and Gloria to State Bank on March 15, 1999, contains a section entitled "Rights and Remedies on Default." According to the deed of trust, in the event of a default, State Bank "may exercise any one or more of the following rights and remedies, in addition to any other rights or remedies provided by law:" (1) accelerate the indebtedness and (a) take possession of the property, (b) commence an action to foreclose the deed of trust as a mortgage, and (c) deliver to Marlin and Gloria a written declaration of default and demand for sale or (2) foreclose by power of sale. Furthermore, the deed of trust states that the remedies are not exclusive, that State Bank "shall be entitled to enforce payment and performance of any indebtedness or obligations secured by this Deed of Trust," and that "[n]othing in this Deed of Trust shall be construed as prohibiting [State Bank] from seeking a deficiency judgment against [Marlin and Gloria] to the extent such action is permitted by law."

In State Bank's complaint, it seeks damages of $200,000 for the alleged breach of the deed of trust and for fraudulent misrepresentations regarding encumbrances and liens on the land. A trust deed is a security device created by statute. See, *Bank of Papillion v. Nguyen*, 252 Neb. 926, 567 N.W.2d 166 (1997); *Sports Courts of Omaha v. Meginnis*, 242 Neb. 768, 497 N.W.2d 38 (1993). Because trust deeds did not exist at common law, such statutes are to be strictly construed. See, generally, *J.K. v. Kolbeck*, 257 Neb. 107, 595 N.W.2d 875 (1999) (garnishment is legal, not equitable, remedy unknown at common law and is

purely statutory remedy; being in derogation of common law, garnishment statutes are strictly construed and demand compliance with all prerequisites before any remedy is available under such statutes). We see the holding of *J.K. v. Kolbeck, supra,* as analogous, because a garnishment is a statutory debt collection remedy, as is a deed of trust.

The law governing trust deeds is found in the Nebraska Trust Deeds Act, Neb. Rev. Stat. §§ 76-1001 to 76-1018 (Reissue 2003 & Cum. Supp. 2004). The only two statutory remedies for breach of a trust deed are set forth in § 76-1005, which states:

> A power of sale may be conferred upon the trustee which the trustee may exercise and under which the trust property may be sold in the manner provided in the Nebraska Trust Deeds Act after a breach of an obligation for which the trust property is conveyed as security, or at the option of the beneficiary a trust deed may be foreclosed in the manner provided by law for the foreclosure of mortgages on real property. The power of sale shall be expressly provided for in the trust deed.

See, also, *PSB Credit Servs. v. Rich,* 251 Neb. 474, 558 N.W.2d 295 (1997). And, § 76-1006 provides that the power of sale shall not be exercised until the trustee files for record in the office of the register of deeds in the county where the trust property is located a notice of default identifying the trust deed.

There is nothing in the record to suggest that State Bank filed the required notice of default, which is obviously a precondition to the exercise of the power of sale; nor is there any evidence that the land has been sold. State Bank seeks monetary damages, a remedy at law which is simply unavailable for breach of a trust deed according to the applicable statutes. The creditor's statutory remedy is sale by the trustee of the land covered by the trust deed. See *Bank of Papillion v. Nguyen, supra.* If there is a deficiency, an action may be commenced to recover "the balance due upon the obligation for which the trust deed was given as security." § 76-1013. State Bank's first cause of action is not a suit for recovery of deficiency under § 76-1013. Therefore, summary judgment in favor of Marlin and Gloria was proper, because they are entitled to judgment as a matter of law on State Bank's purported cause of action.

■ We recognize that under the Nebraska Trust Deeds Act, one of the remedies available to the beneficiary of a trust deed is to judicially foreclose. § 76-1005. It naturally follows that when the beneficiary elects to judicially foreclose, the law governing foreclosure of mortgages applies. Under some circumstances, a cause of action for monetary damages may lie in favor of a mortgagee. See, e.g., 59 C.J.S. *Mortgages* § 319 (1998) (mortgagee is entitled to have mortgage security unimpaired by any acts of mortgagor, assignee, or grantee, and for acts of waste or spoliation on mortgaged property which impair mortgage security, mortgagee is entitled to recover damages in appropriate action). Even if we view State Bank's failure to exercise the power of sale as an election to judicially foreclose, we find no support in the undisputed facts of the instant case for an action for monetary damages.

*Fraudulent Misrepresentation.*

State Bank also alleged that Marlin and Gloria "fraudulently misrepresented whether or not the . . . land was free and clear of encumbrances and liens" and that State Bank "relied on the above representations and on the Deed of Trust agreement itself, thereby extending money to [Marlin and Gloria's] son and daughter-in-law." While Sandman testified that Marlin and Gloria told him the land covered by the deed of trust was free and clear of liens, Marlin and Gloria deny such claim by their affidavits. However, that dispute of fact is ultimately of no consequence.

■ In order to recover on an action for fraudulent misrepresentation, State Bank must show

(1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that it was made with the intention that it should be relied upon; (5) that [State Bank] reasonably did so rely; and (6) that [State Bank] suffered damage as a result.

See *Eicher v. Mid America Fin. Invest. Corp.*, 270 Neb. 370, 378, 702 N.W.2d 792, 803 (2005). See, also, *Cao v. Nguyen*, 258 Neb. 1027, 607 N.W.2d 528 (2000).

■ Assuming that Marlin and Gloria did tell State Bank that the land was free from encumbrances and liens, State Bank still

cannot show that it reasonably relied on the representation. Neb. Rev. Stat. § 76-238(1) (Cum. Supp. 2004) states in part:

> All deeds, mortgages, and other instruments of writing which are required to be or which under the laws of this state may be recorded, shall take effect and be in force from and after the time of delivering such instruments to the register of deeds for recording, and not before, as to all creditors and subsequent purchasers in good faith without notice.

Thus, State Bank had notice, if they had looked, of the prior "Security Assignment" to a bank in Benkelman, such agreement having been recorded in 1993, as outlined above. Thus, summary judgment in favor of Marlin and Gloria was proper, because any reliance on such alleged oral representation was not reasonable when a senior debt was clearly of record.

## CONCLUSION

For the reasons stated above, we find that State Bank did not produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law with respect to Marlin and Gloria. Therefore, the grant of summary judgment in favor of Marlin and Gloria on both causes of action is affirmed.

AFFIRMED.